NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RUFUS F. BAILEY,<br>Plaintiff,<br>v.<br>A1 LIMOUSINE,<br>Defendant. | Civil Action No. 25-18796 (RK) (JTQ)<br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon A-1 Limousine's[1] ("Defendant") Motion to Dismiss *pro se* Plaintiff Rufus Bailey's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ("Mot.," ECF No. 7.) Plaintiff filed an opposition brief ("Opp.," ECF No. 8) to which Defendant filed a reply ("Reply," ECF No. 10). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

On December 19, 2025, Plaintiff, proceeding *pro se*, commenced this action by filing a Complaint ("Compl.," ECF No. 1.). In his four-and-a-half-page Complaint, Plaintiff alleges that he was subject to discrimination in violation of the Americans with Disabilities Act ("ADA"), and

---

[1] A-1 Limousine is incorrectly named in the Complaint as "A1 Limousine." (*See* ECF No. 7 at 1.)

that Defendant breached its duty of care to Plaintiff, thus constituting common law negligence. (*Id.* at 1.[2]).

Plaintiff was employed by Defendant, A-1 Limousine, as of October 10, 2018, when he was rear-ended by a fire department employee that Plaintiff alleges was a friend of the owner of A-1 Limousine. (*See id.*) Plaintiff further alleges that this accident was "caused by the negligence of A[-]1 limousine or its employee," and that the accident resulted in years of back pain that culminated in Plaintiff requiring a spinal surgery in 2023. (*Id.* at 3.) While having continued to work for Defendant "to the best of his ability," Plaintiff alleges he suffered another work related, yet unspecified, injury on October 8, 2024. (*Id.* at 1.) He further alleges that he suffered two strokes two days later. (*Id.*) Plaintiff alleges that Defendant's management personnel, including the "Safety Director," neglected their duties to Plaintiff. (*Id.*) He also claims that he was reassigned to an office position, and that Defendant claimed this was "due to his attitude." (*Id.*) Plaintiff asserts that this characterization of the reassignment was "false, misleading, and intended to conceal Defendant's discriminatory and negligent conduct toward Plaintiff." (*Id.*) Finally, Plaintiff claims to have exhausted all administrative remedies. (*See id.)* Plaintiff alleges that in its position statement submitted to the Equal Employment Opportunity Commission, Defendant treated him unfairly by minimizing the significance and consequences of the October 8, 2024 incident and questioning whether Plaintiff truly suffered any strokes. (*See id*).

On February 27, 2026, Defendants timely filed the Motion to Dismiss. (*See* Mot.) Plaintiff then opposed Defendant's Motion, (*see* Opp.), and Defendant replied, (*see* Reply).

---

[2] Because the Complaint lacks consistent paragraph numbers, the Court cites to the page numbers generated by ECF.

## II. LEGAL STANDARD

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim meets the *Iqbal* standard of plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions and therefore, are inadequate to survive dismissal. *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224–25 (3d Cir. 2011). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008)).

Courts must "be flexible when applying procedural rules" to and "interpreting [the] pleadings" of *pro se* plaintiffs. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Indeed, this caution is "driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (cleaned up); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("[A] *pro se* complaint, however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers . . . ." (internal quotation marks omitted)).

However, a plaintiff's *pro se* status does not permit him to ignore the requirements of the federal rules. In fact, "federal courts treat pro se litigants the same as any other litigant" in order to preserve their impartiality. *Mala*, 704 F. 3d at 244. "[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because []he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (per curiam). Even a *pro se* plaintiff must "allege sufficient facts in their complaint[] to support a claim," *Mala*, 704 F.3d at 245, and Defendants still require "fair notice" of the claims they will be expected to answer, *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

## III. DISCUSSION

Plaintiff's Complaint is subject to dismissal because Plaintiff fails to plead facts "showing" the necessary elements of his common law negligence or ADA claims. *Phillips*, 515 F.3d at 235. Absent specific allegations regarding the Defendant's conduct, the Court is unable to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### A. NEGLIGENCE

Plaintiff first asserts a common law negligence claim. Plaintiff's Complaint, however, fails to address, directly or by implication, the elements of his negligence claim, and thus does not satisfy the pleading requirements of Rule 12(b)(6). A negligence claim under New Jersey law "requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." *Jersey Cent. Power & Light Co. v. Melcar Util. Co.*, 59 A.3d 561, 594 (N.J. 2013). Plaintiff's Complaint contains few allegations relevant to a

negligence claim. This claim appears to rest on Plaintiff's allegation that Defendant or Defendant's Safety Director owed him a duty of care. (Compl. at 1, 4.) Plaintiff further alleges that the Safety Director "neglected his duties." (*Id.* at 1.) Yet, Plaintiff's allegations lack the requisite detail to be considered anything other than conclusory. The Complaint does not discuss why the Safety Director had a duty of care, the manner in which that duty was allegedly breached, or the Safety Director's role in causing Plaintiff's injury. This is insufficient to state a claim. A complaint must "contain[] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Montville Township v. Woodmont Builders, LLC*, 244 F. App'x 514, 517 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 562). "[F]ormulaic recitation of the elements of a cause of action"—which is all that Plaintiff provides—are insufficient to state a claim. *Twombly*, 550 U.S. at 555. Indeed, in his Opposition, which consists of a single page with essentially no legal authority except for a citation to Rule 12(b)(6), Plaintiff does not even attempt to rebut Defendant's arguments for dismissal of his negligence claim. (*See* Opp.) Accordingly, Defendant's Motion to Dismiss is **GRANTED** with respect to the negligence claim.

### B. Americans With Disabilities Act

Plaintiff next asserts a "[v]iolation of the Americans with Disabilities Act." (Compl. at 1.) Plaintiff's Complaint suggests that he intends to bring a claim under Title I of the ADA, which prohibits disability discrimination in employment. *See* 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . [the] discharge of employees . . . ."). To bring a claim under Title I, a plaintiff must demonstrate that he (1) is disabled within the meaning of the ADA, (2) "is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer," and (3)

"suffered an otherwise adverse employment decision as a result of discrimination." *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999)). An "[a]dverse employment decision[]" under the third element "include[s] refusing to make reasonable accommodations for a plaintiff's disabilities." *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 504 (3d Cir. 2010) (internal quotation marks omitted).

### 1. Disability and Qualifications

Even assuming that Title I applies,[3] Plaintiff's ADA claim falls short under Rule 12(b)(6). As discussed above, Plaintiff's factual allegations are skeletal. Plaintiff seems to suggest that he is disabled within the meaning of the ADA because he has "ongoing back problems" and suffered two strokes. (Compl. at 1.) That is insufficient. To be considered disabled under the ADA, a person must "(1) have 'a physical or mental impairment that substantially limits one or more' of their 'major life activities'; (2) 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Eshleman*, 961 F.3d at 245 (quoting 42 U.S.C. § 12102(1)). Here, Plaintiff has failed to plead facts showing that he falls into any of these three categories. Accordingly, his ADA claim fails. *See Karipidis v. ACE Gaming LLC*, No. 09-3321, 2010 WL 2521209 (D.N.J. June 9, 2010) ("[S]imply stating that the plaintiff lives with an injury, illness or impairment without alleging that the impairment substantially limits a major life activity creates a defect in the Complaint.").

Plaintiff's Complaint also fails on the second prong of an ADA claim because it "does not contain any factual allegations regarding the essential functions of Plaintiff's former position, let alone whether he could perform those functions with or without accommodation." *Riyaz v. Integra Life Sciences*, No. 24-

---

[3] It is unclear to the Court, for example, whether Defendant is an "employer" as defined by the ADA. *See* 42 U.S.C. § 12111(5)(A) (defining an "employer" as having "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year"); *Houston v. Township of Randolph*, 934 F. Supp. 2d 711, 739 n.26 (D.N.J. 2013) (noting insufficient information to determine whether defendant had enough employees to be considered an "employer" under Title I of the ADA).

9861, 2025 WL 1267217 (D.N.J. May 1, 2025). This too is sufficient to dismiss the ADA claim. *See Eshleman*, 961 F.3d at 245.

**2. Adverse Employment Action**

Even if Plaintiff had adequately pleaded that he was disabled and adequately qualified, his claim still fails on the third prong. Plaintiff seems to assert adverse employment action in the form of both his reassignment to an office position and Defendant's alleged failure to accommodate. His disability. (*See* Compl. at 1); *see also Araoye v. Vilsack*, No. 23-1331, 2024 WL 422076, at *8 (E.D. Pa. Feb. 5, 2024) ("'[A] claim stemming from an employer's failure to accommodate an employee's disabilities may be viewed simply as a type of discrimination claim, where' the failure to accommodate provides 'the relevant adverse employment action.'" (alteration in original) (quoting *Fowler v. AT & T, Inc.*, 19. F.4th 292, 306 (3d Cir. 2021))). Both theories fail, however, because neither is pleaded with sufficient detail to survive a motion to dismiss.

a. *Reassignment*

Plaintiff claims that he was reassigned to an office role and that Defendant's attempt to attribute this reassignment to his "attitude" was "intended to conceal Defendant's discriminatory . . . conduct." (Compl. at 1.) Yet plaintiff never asserts facts even suggesting that his reassignment was due to disability discrimination or that he faced any other adverse employment action. Thus, this claim fails. *See Zielinski v. Kimberly-Clark Corp.*, No. 15-3053, 2016 WL 3519709, at *6 (E.D. Pa. June 28, 2016) ("Although plaintiff need not prove her prima facie case at this stage, she has not sufficiently alleged that she suffered adverse employment actions 'because of' her disability." (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). Moreover, even if the transfer was due to his claimed disability, Plaintiff fails to assert that his reassignment to an office role was anything more than a "lateral transfer[]" not cognizable as "an adverse employment action" under the ADA. *See Whitehead v. County of Monmouth*, No.

15-5352, 2015 WL 7776896, at *3 (D.N.J. Dec. 2, 2015) ("An adverse employment action is one that is 'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.' 'Minor actions, such as lateral transfers and changes of title and reporting relationships, are generally insufficient to constitute adverse employment actions.'" (first quoting *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004); and then quoting *Langley v. Merck & Co.*, 186 F. App'x 258, 260 (3d Cir. 2006))).

b. *Failure to Accommodate*

Plaintiff later asserts—without making any allegations regarding the nature of his disability or the accommodations that he would require—that Defendant's management team "failed to properly investigate or support Plaintiff." (Compl. at 1.) To the extent Plaintiff aims to make a failure to accommodate argument, this argument fails. The elements of a failure to accommodate claim include, *inter alia*, that "the employee requested accommodations or assistance for his or her disability." *See Colwell*, 602 F.3d at 504 (internal quotation marks omitted). Plaintiff vaguely asserts that he "requested assistance from Defendant's management" and that Defendant "failed to properly investigate or support Plaintiff." (Compl. at 1.) However, Plaintiff fails to assert *what* accommodations he requested or *how* Defendant failed to support him. Rather than providing the requisite factual assertions to state a claim, Plaintiff's assertions amount to "a formulaic recitation of the elements," which is insufficient to state a claim. *Twombly*, 550 U.S. at 555; *see Geronimo v. Pottsville Ford*, No. 20-2145, 2021 WL 4189629, at *5–6 (M.D. Pa. Sept. 14, 2021) (noting that "denial of medical treatment is not recognized as a reasonable accommodation under the ADA" and dismissing failure-to-accommodate claim where "Plaintiff d[id] not describe what reasonable accommodations she required or requested, nor d[id] she describe what reasonable

accommodations Defendant denied"). Accordingly, Defendant's Motion to Dismiss is also **GRANTED** with respect to Plaintiff's ADA claim.

* * *

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED** in its entirety. In recognition of Plaintiff's *pro se* status, this dismissal is without prejudice. *See Graham v. Dep't of the Treasury Internal Revenue Serv.*, No. 22-1285, 2023 WL 3597382, at *2 (3d Cir. May 23, 2023) (per curiam) (explaining that the Third Circuit "disfavor[s] dismissing a complaint without giving a pro se litigant an opportunity to amend"); *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (per curiam) ("*[P]ro se* plaintiffs generally must be given an opportunity to amend the complaint."). Plaintiff shall have thirty (30) days to file an amended complaint. Plaintiff is advised that, should he choose to file an amended complaint, he must, among other things, ensure that his allegations are pleaded with the required level of specificity necessary to give Defendants fair notice of each claim brought against them. *See Twombly*, 550 U.S. at 555. Failure to do so may result in dismissal with prejudice.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (ECF No. 7) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice. An appropriate Order will accompany this Memorandum Opinion.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: August 4, 2026